UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:

DAVID ZENG,

    Debtor.                                                              No. 12-12412-j7

---

LOS ALAMOS NATIONAL BANK,

    Plaintiff,

v.                                                            Adversary Proceeding

DAVID ZENG,                                          No. _____

    Defendant.

**COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT**

Plaintiff, Los Alamos National Bank ("LANB"), by its attorneys Jurgens & With, P.A. (James R. Jurgens, Esq.), for its complaint to determine dischargeability of debt pursuant to 11 U.S.C. § 523(a)(2), states as follows:

**Parties, Venue and Jurisdiction**

1. LANB is a national bank organized and existing under the laws of the United States, and has its principal place of business in Los Alamos, New Mexico.

2. David Zeng is a resident of Santa Fe, New Mexico and is the debtor in the above captioned bankruptcy case.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

1

4. This is a core proceeding.

5. This Court has jurisdiction over this core proceeding pursuant to 28 U.S.C. § 157(b)(1), (b)(2)(I) and § 1334.

### Corporate Ownership Statement

6. Pursuant to Fed. R. Bankr. P. 7007.1, LANB is wholly owned by Trinity Capital Corporation, a financial holding company and New Mexico corporation.

### General Allegations

7. Santa Fe Capital Equities, LLC ("SFCE") is a New Mexico limited liability company, which is owned in part by David Zeng.

8. On September 25, 2008, David Zeng executed and delivered a Personal Financial Statement to LANB (the "Financial Statement"), to induce LANB to extend credit to SFCE.

9. When David Zeng delivered the Financial Statement to LANB he understood that LANB would rely on the information contained therein to extend credit to SFCE.

10. LANB extended credit to SFCE in part based on the financial strength of David Zeng who represented to LANB that he had a net worth in excess of $800,000.

11. On December 31, 2008, SFCE executed and delivered a Promissory Note to LANB in the original amount of $3,178,500.00 with interest (the "70 Note").

12. On December 31, 2008, SFCE executed and delivered a Promissory Note to LANB in the original amount of $75,436.51 with interest (the "71 Note").

13. On December 31, 2008, David Zeng executed and delivered a Guaranty to LANB by which he unconditionally and absolutely guaranteed payment of all amounts owed on the 70 Note and 71 Note.

14. In February 2012, trial was held in *Los Alamos National Bank v. Santa Fe Capital Equities, LLC, et al*, No. D-101-CV-2010-1503 (the "Action").

15. On March 1, 2012, *Judgment* was entered in favor of LANB and against David Zeng in the Action.

16. On April 24, 2012, LANB was awarded a deficiency judgment against David Zeng in the amount of $1,429,493.55, plus interest at 16% from April 12, 2012, plus attorney fees and costs incurred by LANB to collect and enforce the judgment until it is paid in full (the "Judgment").

17. The Judgment was entered after a trial on the merits and is final.

### Count 1 – 11 U.S.C. § 523(a)(2)(B)

18. The Financial Statement contained materially false information respecting David Zeng's financial condition.

19. LANB would not have extended credit to SFCE if it had known that the Financial Statement contained materially false information.

3

20. LANB reasonably relied on the Financial Statement when it extended credit to SFCE.

21. David Zeng delivered the Financial Statement to LANB with the intent to deceive LANB into extending credit to SFCE.

22. LANB has been damaged as the Judgment has not been paid.

### Count 2 – 11 U.S.C. § 523(a)(2)(A)

23. To secure the 71 Note, David Zeng agreed to grant LANB a mortgage on real property owned by Michael and Nancy Zeng located at 6313 Calle Zanate, Santa Fe, New Mexico (the " Zeng Property").

24. On December 26, 2008, prior to closing of the SFCE loans, Michael and Nancy Zeng transferred title to the Zeng Property to David Zeng.

25. On December 31, 2008, to secure the amounts owed on the 71 Note, Nancy and Michael Zeng by their attorney in fact David Zeng, granted LANB a mortgage on the Zeng Property.

26. In the mortgage, David Zeng falsely represented to LANB that Michael and Nancy Zeng owned the Zeng Property and had the right to encumber it.

27. On December 31, 2008, Michael and Nancy Zeng did not own the Zeng Property.

28. When David Zeng executed and delivered the mortgage on the Zeng Property at closing of the SFCE loans he acted intentionally to

4

deceive LANB.

WHEREFORE, LANB asks for judgment as follows:

A.  Confirming that LANB was awarded judgment against David Zeng in the amount of $1,429,493.55, plus interest at 16% per annum from April 12, 2012, plus additional attorney's fees and costs incurred by LANB to collect and enforce the Judgment until it is paid in full.

B.  Declaring the debt evidenced by the Judgment to be non-dischargeable pursuant to 11 U.S.C. § 523(a)(2) in David Zeng's bankruptcy case, and in any other bankruptcy case filed by or against David Zeng.

C.  For such other relief as is proper.

Respectfully submitted,

JURGENS & WITH, P.A.

/s/ James Jurgens
James R. Jurgens
Attorneys for LANB
100 La Salle Circle, Suite A
Santa Fe, New Mexico  87505
Tel: (505) 984-2020 / Fax (505) 982-6417